UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANGEL GOLDSTON, individually and on behalf of others similarly situated | * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | |
| ARIEL COMMUNITY CARE, LLC, DONNIE MANN and PIERRE PICKENS | * * | |

*******************************************************************

## COMPLAINT – COLLECTIVE AND CLASS ACTION

Plaintiff, Angel Goldston, individually and on behalf of all other similarly situated current and former employees of Defendants, brings this collective and class action against Defendants, Ariel Community Care, LLC, Donnie Mann and Pierre Pickens, and alleges as follows:

### I. JURISDICTION

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

2. Plaintiff also brings this cause of action for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.* to recover unpaid overtime and travel time compensation under §95-25.4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the pendant state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

## II. PARTIES

3. Plaintiff, Angel Goldston, is domiciled in Guilford County, State of North Carolina, and was employed by Defendants from approximately 2017 until 2020 as a peer support specialist, who provided support to Defendants' clients. Plaintiff's hours varied from week to week but she regularly worked more than forty (40) hours a week.

4. In an effort to avoid their obligations under the FLSA, Defendants misclassified Plaintiff and similarly situated workers as independent contractors until approximately January 2020.

5. Defendants further failed to pay travel time for the time spent travelling between Defendants' clients.

6. Plaintiff has consented to filing the instant action. (Exhibit "A").

7. Defendant Ariel Community Care, LLC (hereinafter referred to as "Ariel Community Care") is a North Carolina company with its principal place of business located at 200 E Church Street, Yanceyville, North Carolina 27379.

8. Defendant Ariel Community Care employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

9. Defendant Donnie Mann (hereinafter referred to as "Mann") is an individual domiciled at 3 Riverland Farm Court, Durham, North Carolina 27703.

10. Defendant Pierre Pickens (hereinafter referred to as "Pickens") is an individual domiciled at 206 South Bend Drive, Durham, North Carolina, 27713.

11. Defendants Mann and Pickens are the owners and Executive Officers of Ariel Community Care and employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

12. Defendants Mann and Pickens have been actively involved in managing the operations of Ariel Community Care.

13. During the relevant collective and class periods, Defendants Mann and Pickens had control over Ariel Community Care's pay policies and the unlawful policies and practices alleged herein.

14. Defendants Mann and Pickens had authority over personnel and payroll decisions at Ariel Community Care.

15. Defendants Mann and Pickens had the authority to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

16. Defendants Mann and Pickens had the authority to enter into contracts on behalf of Ariel Community Care.

17. The precise size and the identity of the collective and class should be ascertainable from the business records, payroll and/or employee or personnel records of Defendants.

### III. VENUE

18. Venue is proper in this District as Defendants conducted business in the Middle District Division, and as a substantial part of the events giving rise the claims occurred in this District.

19. Furthermore, Defendants' principal office is located in Caswell County.

### IV. FACTS

20. Defendants operate a mental health support agency with offices in Yanceyville, Wilmington and Marion, North Carolina, and Douglasville, Georgia.

21. Plaintiff and the collective and class members were/are employed by Defendants as peer support specialists who provide support to Defendants' clients.

22. Plaintiff's hours varied from week to week during her employment with Defendants, but she regularly worked more than forty (40) hours in a workweek.

23. For example, during the workweek of August 11, 2019 to August 17, 2019, Plaintiff provided sixty (60) hours of peer support services. She was paid straight time for sixty (60) hours but was not paid an overtime premium for the twenty (20) hours she worked over forty (40) in the workweek, nor was she compensated for her travel time between Defendants' clients.

24. Likewise, during the workweek of August 18, 2019 to August 24, 2019, Plaintiff was paid for sixty (60) hours of work but not paid an overtime premium for the hours worked over forty (40) in the work, nor was she paid any wages for the time she spent traveling from one client to the next.

25. Upon information and belief, the collective and class members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

26. Up until approximately January 2020, Defendants misclassified all peer support specialists as independent contractors when in fact, they were employees under the meaning of the FLSA and NCWHA.

27. The misclassified independent contractors, including Plaintiff, were required to comply with Defendants' policies and procedures which were set forth in written company policies.

28. The misclassified independent contractors, including Plaintiff, were supervised by employees of Defendants, and were subject to discipline.

29. The misclassified independent contractors, including Plaintiff, received all assignments from Defendants, and they relied on Defendants for their work assignments.

4

30. Defendants advertised and posted job openings on social media and labor sites for peer support specialists who were eventually assigned work by Defendants.

31. Defendants directed the work Plaintiff and all peer support specialists, and provided substantial oversight of their activities.

32. The work performed by Plaintiff and the collective and class members was integral to Defendants' business. Without their work, Defendants could not have performed their contracted responsibilities for their clients.

33. Defendants profited directly from the work performed by Plaintiff and the collective and class members.

34. Plaintiff and the collective and class members could not negotiate their compensation with Defendants' clients, and they did not share in the profits.

35. In short, Plaintiff and the collective and class members were economically dependent on Defendants.

36. Defendants paid misclassified independent contractors by the hour and paid straight time for all hours worked, except for travel time between Defendants' clients, but failed to pay an overtime premium for all hours worked over forty (40) in a workweek.

37. In or about January 2020, Defendants reclassified the peer support specialists to regular W-2 employees, and began to pay overtime wages.

38. Nonetheless, Defendants failed to pay any wages for travel between clients, and did not consider travel time between clients as hours worked.

39. Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practice.

## V. COLLECTIVE AND CLASS ACTION DEFINITIONS

40. The first collective of similarly situated individuals sought to be certified under 29 U.S.C. §216(b) as a collective action for purposes of determining whether such individuals were misclassified as independent contractors (the "Misclassification Collective") is defined as:

> All peer support specialists who performed work for Ariel Community Care, LLC as an independent contractor within the last three (3) years.

41. The second collective of similarly situated employees sought to be certified under 29 U.S.C. § 216(b) as a collective action for purposes of asserting claims for unpaid overtime associated with travel time (the "Travel Overtime Collective") is defined as:

> All peer support specialists who performed work for Ariel Community Care, LLC since February 1, 2019, and who were not paid overtime wages for travel time between clients.

42. The class of similarly situated employees sought to be certified under Rule 23 for N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.* claims (the "NCWHA Class") is defined as:

> All North Carolina peer support specialists who have performed work for Ariel Community Care, LLC within the last two (2) years, and were not paid for all travel time between clients.

## VI. COVERAGE UNDER THE FLSA AND NCWHA

43. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of 29 U.S.C. §203(d).

44. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

45. At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

46. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

47. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

48. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

49. At all times hereinafter mentioned, Plaintiff and NCWHA Class members are/were employees withing the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

## VII. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION
### (Misclassification and Travel Overtime Collectives)

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

52. Plaintiff and the collective members are not exempt from the overtime requirements of the FLSA.

53. Plaintiff and the collective members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

54. Prior to approximately January 2020, Defendants misclassified Plaintiff and the Misclassification Collective as independent contractors in an effort to deprive them of overtime compensation.

55. Furthermore, Defendants did not include the time spent traveling between Defendants' clients for calculation of overtime compensation for Plaintiff and members of both the Misclassification Collective and Travel Overtime Collective.

56. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of misclassifying Plaintiff and the Misclassification Collective as independent contractors and failing to pay overtime compensation for all hours worked over forty (40) in workweek, including the inclusion of travel time.

57. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of not paying all overtime compensation owed to Plaintiff and the Travel Overtime Collective by failing to include travel time.

### VIII. VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT FOR FAILURE TO PAY WAGES FOR TRAVEL TIME
(NCWHA Class)

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants failed to pay earned wages in violation of N.C. Gen. Stat. Ann. § 95-25.6.

60. Specifically, Defendants failed to pay Plaintiff and the NCWHA Class members straight time and overtime wages for the time spent traveling from one of Defendants' clients to another.

8

61. Plaintiff, individually and on behalf of the NCWHA Class members, seeks the payment of straight time wages for the time spent traveling between Defendants' clients.

62. In the event the FLSA does not apply, and as an alternative thereto, Plaintiff, individually and on behalf of the NCWHA Class members, seeks payment of overtime wages which resulted from the time spent traveling between Defendants' clients.

63. The NCWHA requires employers to pay non-exempt employees one and a half times the regular rate of pay for all hours worked over forty (40) hours in a workweek, including time spent traveling. N.C. Gen. Stat. Ann. § 95-25.4.

64. Defendants suffered and permitted Plaintiff and the NCWHA Class to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the NCWHA, N.C. Gen. Stat. Ann. § 95-25, *et seq.* and its implementing regulations.

65. Defendants knew, or showed reckless disregard for the fact that they failed to pay these individuals proper straight time and overtime compensation for travel time in violation of the NCWHA.

66. Defendants' failure to comply with the NCWHA caused Plaintiff and the NCWHA Class to suffer loss of wages and interest thereon.

67. Plaintiff and the Class are entitled to all unpaid wages, overtime wages in the event the FLSA does not apply, liquidated damages, interest, and attorney fees and costs under the NCWHA.

## IX. COLLECTIVE ALLEGATIONS

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

9

Case 1:21-cv-00615-LCB-LPA    Document 1    Filed 08/02/21    Page 9 of 17

69. Plaintiff files this action on behalf of herself and the Misclassification and Travel Overtime Collectives as defined above.

70. Defendants' practice and policy of misclassifying their employees as independent contractors and not paying overtime affects Plaintiff and the Misclassification Collective members and is a willful violation of the FLSA.

71. Defendants' practice and policy of not paying overtime for travel time affects Plaintiff and the Travel Overtime Collective members and is a willful violation of the FLSA.

72. The collective members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

73. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Misclassification Collective and Travel Overtime Collective.

74. The specific job titles or precise job requirements of the collective members do not prevent collective treatment under the FLSA. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### X. NCWHA CLASS ACTION ALLEGATIONS

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Plaintiff files this action on behalf of herself and the NCWHA Class as defined above.

77. Defendants' practice and policy of travel time, including associated overtime, affects Plaintiff and the NCWHA Class members and is a willful violation of the NCWHA.

78. NCWHA Class members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

79. Defendants' failure to pay travel time as required by the NCWHA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the NCWHA Class members are similarly situated employees.

80. The specific job titles or precise job requirements of the NCWHA Class members do not prevent collective treatment under the NCWHA. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked including the time spent traveling between Defendants' clients. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

81. Plaintiff shares the same interests as the NCWHA Class and will be entitled under the NCHWA to travel time wages, and unpaid overtime compensation in the event the FLSA does not apply, liquidated damages, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the NCWHA Class.

82. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

83. The NCWHA Class meets the numerosity requirement of Rule 23(a)(1) because Defendants have employed numerous peer support specialists in the state of North Carolina while requiring them to spend time traveling between clients without compensation. The precise number of NCWHA Class members should be readily available from a review of Defendants' personnel, scheduling, time, payroll, and billing records, and from input received from the NCWHA Class members.

84. The NCWHA Class meets the commonality requirement of Rule 23(a)(2) because Defendants engaged in a common course of conduct that violated the legal rights of Plaintiff and the NCWHA Class. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the NCWHA Class, including, but not limited to:

   a. Whether Defendants maintained common policies or practices that denied Plaintiff and NCWHA Class members wages for time spent traveling between clients;

   b. The actual day-to-day duties of peer support specialists;

   c. Whether Defendants violated the NCWHA by not paying Plaintiff and the NCWHA Class members wages for time spent traveling between clients;

   d. In the event the FLSA does not apply, whether Defendants violated the NCWHA by not paying Plaintiff and the NCWHA Class members overtime wages associated with the time spent traveling between clients;

   e. Whether Defendants' conduct was willful; and

   f. Whether Defendants should be required to pay compensatory damages, liquidated damages, attorneys' fees and costs, and interest for violating North Carolina state law.

85. The NCWHA Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the NCWHA Class members were all employed by Defendants and performed their job duties without receiving entitled compensation owed for that work.

86. The NCWHA Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the NCWHA Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour and collective actions, and will adequately represent the interest of Plaintiff and the NCWHA Class members.

87. The NCWHA Class meets the predominance requirement of Rule 23(b)(3) because issues common to the NCWHA Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendants calculated the NCWHA Class members' compensation under the same formula in the same way.

88. The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

89. Given the material similarity of the NCWHA Class members' claims, even if each NCWHA Class member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action

would permit the efficient supervision of the Class's claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

90. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the NCWHA Class members proper travel time wages, including associated overtime wages.

## XI. JOINT EMPLOYER ALLEGATIONS

91. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92. At all times pertinent hereto, specifically including the collective and class periods, Defendants, Mann and Pickens, were owners, managers and/or executive officers of Ariel Community Care.

93. Defendants Mann and Pickens exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiff and the collective and class members' work including, but not limited to, assigning work, hiring and firing employees.

94. Further, Defendants Mann and Pickens are or were solely and jointly responsible for the administration of the business affairs of Ariel Community Care and exercised complete control over the work situation and conditions of its employees.

95. Defendants Mann and Pickens are jointly and solely responsible for the payroll practices of Ariel Community Care including, but not limited to, the payroll practices complained of herein.

96. Defendants Mann and Pickens were and are vested with authority to, and actually acted directly or indirectly for, and had operational control over Ariel Community Care's business activities including managerial responsibilities for all aspects of operations and its employees.

97. Accordingly, Defendants Mann and Pickens are "employers" under the FLSA and the NCWHA, as such, are jointly and severally liable for damages for his failure to comply with the FLSA and the NCWHA including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for judgment in her favor and against Defendants as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA for the Misclassification and Travel Overtime collectives, and ordering notice to the collective members at the earliest opportunity to ensure the collective members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendants liable for unpaid back overtime wages due to Plaintiff and the collective members and for liquidated damages equal in amount to the unpaid compensation;

3. For an award of costs of this action as provided under the FLSA;

4. For an award of attorneys' fees as provided under the FLSA;

5. For an award of pre- and post-judgment interest; and

6. For any and all other and further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, further prays for judgment in her favor and against Defendants as follows:

1. For an Order certifying this action as a class action under the NCWHA and designating Plaintiff as a representative and undersigned as class counsel on behalf of all those similarly situated;

2. For an Order finding Defendants liable for unpaid travel time wages due to Plaintiff and the NCWHA Class members, and for liquidated damages equal in amount to the unpaid compensation under the NCWHA;

3. For an Order finding Defendants liable for unpaid overtime wages due to Plaintiff and the NCWHA Class members, and for liquidated damages equal in amount to the unpaid compensation under the NCWHA;

4. For an award of costs of this action as provided under the NCWHA;

5. For an award of attorneys' fees as provided under the NCWHA;

6. For an award of pre- and post-judgment interest; and

7. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

By: /s/ Brian L. Kinsley
Brian L. Kinsley (N.C. Bar Roll No. 38683)
blkinsley@crumleyroberts.com
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: 336-333-9899
Facsimile: 336-333-9894

Philip Bohrer (to be admitted pro hac vice)
*phil@bohrerbrady.com*
Scott E. Brady (to be admitted pro hac vice)
*scott@bohrerbrady.com*
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000