IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANGLE' GOLDSTON, individually and on behalf of others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>ARIEL COMMUNITY CARE, LLC, DONNIE MANN and PIERRE PICKENS,<br><br>Defendants. | Civil Action No.: 1:21-CV-000615 (LCB) |

## BRIEF IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR SANCTIONS

### NATURE OF THE MATTER BEFORE THE COURT

Defendants, by and through their attorney Janet J. Lennon, submits this brief in support of their amended motion for an Order requiring Plaintiff to comply with this Court's Order dated December 16, 2022 in which Plaintiff was Ordered to file a Stipulation of Dismissal with prejudice of this action within thirty (30) days of the final payment set forth in the Settlement Agreement.

1

## STATEMENT OF FACTS

In support of this motion, Defendants provide the Court with facts relevant to their motion. The Defendants entered into a Settlement Agreement that was submitted to the Court for approval. Docket Entry 62, Attachment 2. On October 20, 2022 Plaintiff filed a motion seeking approval of a Settlement in this action with the Proposed Order as Exhibit A. The proposed Order submitted by Plaintiff included language in paragraph number 5 that: "Plaintiff shall file a Stipulation of Dismissal with prejudice of this action in its entirety within thirty (30) of the final payment as set forth in the Settlement Agreement." Docket Entry 62, Attachment 3.

On December 16, 2022 this Court signed an Order Approving Settlement, including the Plaintiff's requested language in paragraph numbered 5. See Docket Entry 64. (Exhibit A hereto). On or about January 12, 2022, to be in full compliance with Section 2.4.3 and 2.4.4 of Exhibit B to the Settlement Agreement, Defendants had delivered by Federal Express all settlement Payments to Plaintiff Counsel for distribution. (Exhibit B hereto). With the checks was a Payroll Journal listing the payees' names, check number and amount of the check. See Affidavit of Kimerly Mann with attached cleared checks. (Exhibit C hereto).

All the checks cleared for the total payments due. Defendants provide proof of Plaintiff's attorney's January, 2023 receipt of the FedEx delivery of entire settlement payout. See Affidavit of Kimerly Mann with attached cleared checks. (Exhibit C hereto).

In particular, Plaintiffs' attorney cashed two checks on January 24, 2023: the first was one check in the amount of $94,509.71, representing payment of their attorney fees ($85,000.00) and costs ($9,509.71) and the second one in the total amount of $10,000 representing Service Award payments to Plaintiff Angle' Goldstone ($5,000) and the Opt-in Plaintiffs Thomas and Runyan in the amount of $2,500 each. All checks sent to Plaintiff's attorney were cashed. See Affidavit of Kimerly Mann with attached cleared checks. (Exhibit C hereto).

Paragraph 5 of the Order Approving Settlement required the Plaintiffs to file a stipulation of Dismissal with prejudice of this action in its entirety within thirty (30) days of the final payment. (Exhibit A hereto).

The final payment was received by Plaintiff's counsel on or about January 12, 2023. Although required by Court Order to be filed by Plaintiff within 30 days, no Stipulation of Dismissal has been filed as of this date, almost one year later.

Instead of filing a Stipulation of Dismissal, on January 4, 2024 at 3:52 pm, Attorney Scott Brady sent Defendants a threatening email for their purported non-compliance with their payment obligations. In that email he inaccurately stated that the first payment was sent by Defendants on December 30, 2022, and a second payment was due within one year. He asked them to tell him if they intended to make the payment and ended with the statement that: **"We intend to file a motion with the court tomorrow to enforce the settlement. We will also request attorneys' fees for our efforts in enforcing the settlement."** (Exhibit D hereto) (emphasis added).

Defendants' attorney for the settlement, Attorney Nathaniel Smith, representation was terminated as Counsel by this Court on February 22, 2023. See Docket Entry of 2/22/2023. Even though he was no longer their active attorney, Defendants notified Attorney Smith of the threatening email. On January 5, 2024 he notified Attorney Scott Brady that the settlement payments were made on or about January 10, 2023. Attorney Brady stated that he was not aware of that and would stop bothering Attorney Smith. Attorney Brady also told Attorney Smith that he was going to dismiss the suit. (Exhibit E hereto) (page numbers added).

Plaintiff did not dismiss the lawsuit as he stated he would do and Defendants had to hire an attorney to respond to Attorney Brady's threat of a motion that included him seeking his attorney fees. On January 8, 2024, the undersigned entered an appearance as attorney for Defendants in this lawsuit.

Having not received the required Stipulation of Dismissal for this case, the undersigned prepared and signed a Stipulation of Dismissal and emailed it to opposing counsel, attempting to aid him in filing the required Stipulation of Dismissal. Attorney Brady responded seeking a resent document for filing or one with electronic signatures. The undersigned emailed him an electronically signed document.

3

Attorney Brady had sent the undersigned "A Motion to Motion" and a "[Proposed] Order"; unlike the undersigned's document to Attorney Brady, neither were the Stipulations of Dismissal required in the Court Order. With regard to the request for compliance with the Settlement Agreement, Attorney Brady's immediate two email responses were: first, that he needed to talk to the undersigned before filing the dismissal, and the second statement in relevant part: "I am trying to get confirmation that Angle Goldston received her $10,000 individual settlement. Can you please send me copy of check?" The payment for Goldston required pursuant to the Order Approving Settlement was part of the records already provided to Attorney Brady in January, 2023.

It is also noted that, under the terms of the Settlement Agreement, Angle' Goldston's individual check was for $5,000 and the other $5,000 was payment to the opt-in Plaintiffs. A $10,000 payment was made to Attorney Brady for Goldston and the opt-in Plaintiffs and cashed by his firm. See Affidavit of Kimerly Mann with attached cleared checks.

Defendants had provided all documentation and payment necessary for Plaintiff's Attorney to comply with the Court Order that he file a stipulation of dismissal within 30 days of the final payment as set forth in the Settlement Agreement. Attorney Brady received from Defendants all the checks and a ledger documenting the payment in full amount in January, 2023. Instead of Attorney Brady filing the Stipulation of Dismissal within 30 days of documentation of his receipt of all the payments due under the Settlement Agreement, he threatened Defendants with a motion and attorney fees for his incorrect belief that Defendants had only made the first payment in the Court approved settlement agreement and they had not made the second payment due to Plaintiffs under the Settlement Agreement. (Exhibit D). Former Defendants' Attorney Smith notified Attorney Brady that both payments were made on or about 1/10/23 and Plaintiff's Attorney Brady responded: "Thanks Nat. We were not aware that Ariel included both payments in the initial payments. We will stop bothering you!" Exhibit E at page numbered 3. Although Plaintiff's attorney confirmed to Attorney Smith that all payments due under the Court Order have been made by Defendants (the relevant language was provided to the Court in his Proposed Order), he has not fulfilled his obligation to file a Stipulation of Dismissal with Prejudice.

## ISSUE BEFORE THE COURT

Whether Plaintiff should be Ordered to comply with the Court Order of December 16, 2022?

## CONCLUSION

For the above stated reasons, movants request the court:

1. Compel Plaintiff to file the Stipulation of Settlement;
2. Award Defendants the Attorney fees resulting from this motion necessary to enforce the Settlement Agreement; and
3. For such other relief deemed just and appropriate.

This the 12th day of January, 2024.

Respectfully submitted:

___/s/ Janet J. Lennon_____

Janet J. Lennon (NC Bar No. 30458)
**Attorney for Defendants**
123 West Main Street, Suite 215
Durham, NC 27701
(919)680-8548
jlennon@jlennonlaw.com

5

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing Brief is less than 6,250 words (excluding caption and certificates of counsel) as reported by the word-processing software.

This the 12th day of January, 2024.

                                          /s/ Janet J. Lennon
                                          Janet J. Lennon (NC Bar No. 30458)
                                          **Attorney for Defendants**
                                          123 West Main Street, Suite 215
                                          Durham, NC 27701
                                          (919)680-8548
                                          jlennon@jlennonlaw.com

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Brief was served on counsel named below, on the date indicated below, by depositing a copy in a postage-paid envelope, and delivering it into the custody of the U.S. Postal Service, and with a courtesy copy being sent by email, each addressed as follows:

Brian L. Kinsley, Attorney for Plaintiff
Crumley Roberts
2400 Freeman Mill Road, Ste. 200
Greensboro, NC 27406
Fax: (336) 333-9894
blkinsley@crumleyroberts.com

PHILIP BOHRER, Attorney for Plaintiff
Bohrer Brady, LLC
8712 JEFFERSON HIGHWAY, SUITE B
BATON ROUGE, LA 70809
225-925-5297
Fax: 225-231-7000
Email: phil@bohrerbrady.com

Scott E. Brady, Attorney for Plaintiff
BOHRER BRADY, LLC
8712 Jefferson Highway, Ste. B
Baton Rouge, LA 70809
Fax: (225) 231-7000
Email: scott@bohrerbrady.com

This the 12th day of January, 2024.

                                  /s/ Janet J. Lennon
                                  JANET J. LENNON
                                  Attorney for the Defendants
                                  123 W. Main St., Suite 215
                                  Durham, NC 27701
                                  T: 919-680-8548
                                  F: 919-680-8549
                                  jlennon@jlennonlaw.com